# EXHIBIT D

**Exhibit B (Insert for Distribution Agreement)**

## ARBITRATION

§1.1 <u>Binding Mutual Arbitration</u>: DISTRIBUTOR and BFBD agree that any Covered Claims (defined below) will be resolved by final and binding arbitration. The arbitration agreement set forth in this Article shall be governed by the Federal Arbitration Act ("FAA") and the law of the Commonwealth of Pennsylvania to the extent Pennsylvania law is not inconsistent with the FAA. This agreement to arbitrate applies with respect to all Covered Claims, whether initiated by DISTRIBUTOR or BFBD.

§1.2 <u>Covered Claims</u>: Except for the Excluded Claims (defined below), Covered Claims include any and all claims or disputes between DISTRIBUTOR and BFBD, its parents, subsidiaries, affiliates, predecessors, and successor corporations and business entities (collectively, "the BFBD Entities"), and its and their officers, directors, employees, and agents, including but not limited to: claims and disputes arising out of or in any way relating to this Agreement; and claims and disputes relating to any assertion of any employment relationship between DISTRIBUTOR and any of the BFBD Entities, including but not limited to contract, tort, defamation and other common law claims, wage and hour claims, statutory discrimination, harassment, and retaliation claims, and claims arising under or relating to any federal, state or local constitution, statute or regulation, now or hereafter recognized.

§1.3 <u>Excluded Claims</u>: The following claims and disputes are not subject to the arbitration agreement set forth in this Article: (i) claims relating to specific performance under this Agreement; (ii) claims or cross-claims relating to indemnification or subrogation of third-party claims; (iii) applications for temporary or preliminary injunctive relief in aid of arbitration or for the maintenance of the status quo pending arbitration; (iv) claims within the jurisdiction of the National Labor Relations Board ("NLRB"); (v) claims under ERISA governed pension and welfare plans; (vi) claims related to use or misuse of trade names, trademarks, or intellectual property of BFBD Entities; (vii) claims related to use or misuse of alleged confidential trade secrets and proprietary business information of BFBD; and (viii) any claim that is expressly precluded from arbitration by a federal statute or regulation. Nothing set forth herein waives DISTRIBUTOR's right to file a charge or complaint with any federal, state, or local administrative agency; however, any Covered Claim that is not resolved through the federal, state, or local administrative agency proceeding must be submitted to arbitration in accordance with this Article, except where expressly precluded by a federal statute or regulation. DISTRIBUTOR has the right to challenge the validity of this Article on any grounds that may exist in law and equity, and BFBD shall not engage in any retaliatory actions against DISTRIBUTOR in the event it chooses to challenge the validity of this Article. However, BFBD reserves the right to attempt to enforce this agreement in any appropriate forum.

§1.4 <u>WAIVER</u>: TO THE MAXIMUM EXTENT PERMITTED BY LAW, DISTRIBUTOR AGREES TO WAIVE ANY RIGHT TO: (I) INITIATE OR MAINTAIN ANY COVERED CLAIMS ON A CLASS ACTION BASIS, COLLECTIVE ACTION BASIS, OR REPRESENTATIVE ACTION BASIS EITHER IN COURT OR IN ARBITRATION AGAINST ANY OF THE BFBD ENTITIES; (II) SERVE OR PARTICIPATE IN THE FUTURE AS A REPRESENTATIVE OF ANY SUCH CLASS ACTION, COLLECTIVE

ACTION, OR REPRESENTATIVE ACTION; (III) SERVE OR PARTICIPATE IN THE FUTURE AS A MEMBER OF ANY SUCH CLASS ACTION, COLLECTIVE ACTION, OR REPRESENTATIVE ACTION; OR (IV) RECOVER ANY RELIEF FROM ANY SUCH CLASS ACTION, COLLECTIVE ACTION, OR REPRESENTATIVE ACTION. DISTRIBUTOR further agrees that if it is included within any such class, collective, or representative action, it will take all steps necessary to opt-out of the action or refrain from opting in, as the case may be. DISTRIBUTOR further agrees that no arbitrator shall have authority to: (i) order, authorize, or permit any notice or information about an arbitration or any claims or defenses in an arbitration to be sent to any class or group of persons other than the parties to the individual arbitration, provided that either party or the arbitrator may compel testimony of a witness or the production of documents, material or information consistent with applicable arbitration rules; or (ii) order or require either party to produce any kind of contact information for any class or group of current or former distributors of BFBD. Any Covered Claim filed or brought in court or arbitration as a class, collective or representative action will be decided in arbitration on an individual basis. Any issue concerning the validity or enforceability of the Waiver in this Article (including the prohibition against class, collective or representative action arbitration) shall be decided by a court of competent jurisdiction applying Pennsylvania law, and no arbitrator shall have any authority to consider or decide any issue concerning the validity or enforceability of the Waiver. Any issue concerning arbitrability of a particular issue or claim pursuant to the arbitration agreement (except for those concerning the validity or enforceability of the Waiver) must be resolved by the arbitrator, not the court.

§1.5    Selection and Rules: Except as specified below, DISTRIBUTOR and BFBD agree that any arbitration of a Covered Claim will be resolved by final and binding arbitration conducted under the auspices of the American Arbitration Association ("AAA") and its Commercial Arbitration Rules ("AAA Commercial Arbitration Rules"), or any successor rules, and shall be conducted before a single arbitrator unless all parties to the arbitration agree otherwise in writing. DISTRIBUTOR and BFBD agree that the arbitration shall be held in or near the county in which it operated as a distributor for BFBD, or in any other mutually agreed location. To the extent any of the terms, conditions or requirements of this Article conflict with the AAA Commercial Arbitration Rules or other applicable rules, the terms, conditions or requirements of this Article shall govern. Arbitrators are required to issue a written award and opinion, and their awards shall be final and binding, and any judgment or award issued by an arbitrator may be entered in any court of competent jurisdiction. The arbitration shall be subject to the same burdens of proof and statutes of limitations as if the Covered Claim was being heard in federal district court, and the parties may file and the arbitrator shall hear and decide at any point in the proceedings any motion permitted by the Federal Rules of Civil Procedure, including but not limited to a motions to compel discovery, motions for protective orders, motions to dismiss, motions for summary judgment, and motions in limine. No arbitration award or decision will have any preclusive effect as to any issues or claims in any dispute, arbitration, or court proceeding where any party was not a named party in the arbitration.

§1.6    Remedies: Subject to the parties' right to appeal or seek vacatur under applicable law, the parties acknowledge and agree that the decision of the arbitrator will be final and binding on the parties and that the arbitrator is authorized to award any party the full remedies that would be available to such party if the Covered Claim had been filed in a court of competent jurisdiction, including actual and reasonable attorneys' fees and costs, if any. The parties acknowledge and

agree that as part of a party's costs, it may recover expert fees incurred to the same extent as it could in court. DISTRIBUTOR acknowledges and agrees that, subject to any applicable fee-shifting provisions, it shall be responsible for the filing fee required to institute arbitration with the AAA up to the amount of the filing fee it would have incurred had it filed such Covered Claim(s) in federal district court. BFBD shall be responsible for all additional arbitration filing fees, forum fees, and other fees and costs assessed by the AAA, subject to the arbitrator's exercise of its authority to award BFBD costs and fees as the prevailing party or for other equitable reasons. Unless the arbitrator decides otherwise, DISTRIBUTOR shall be responsible for its own attorneys' fees and costs.

§1.6 Liquidated Damages -- DISTRIBUTOR acknowledges and agrees that if it is determined by a court of competent jurisdiction that DISTRIBUTOR breached this Article by attempting to prosecute a Covered Claim in a forum other than arbitration under this Article, DISTRIBUTOR shall owe BFBD liquidated damages in the amount of $10,000. These liquidated damages shall be in addition to any equitable or legal remedies which BFBD may have for DISTRIBUTOR's breach of this Article.