# EXHIBIT P

**JOSEPH PIACENTINI,**
**CLAIMANT**

**AND**                                                   :          **CASE # 01-16-0000-9482**

**BIMBO FOODS BAKERIES**
**DISTRIBUTION, LLC**
**RESPONDENT**

                                                         :          **FEBRUARY 28, 2017**

## MOTION FOR RECONSIDERATION

The Claimant , Joseph Piacentini, requests that the arbitrator reconsider its

decision dated February 17, 2017. The arbitrator erroneously states in its decision that

"lost profits are excluded as an award per the agreement among the parties" and cites

Section 11.12 of the Claimants Distribution Agreement (Exhibit 5). But the arbitrator is

clearly mistakenly in that the parties distribution agreement was amended by exhibit 6 ,

which provides that disputes be resolved through arbitration, and giving the arbitrator

authority to   "award any party the full remedies that would be available to such party if

the Covered Claim had been filed in a court of competent jurisdiction."  The arbitrators

reference to section 11.12 of the Claimant's distribution agreement ( dated September

20, 2004  ) is a damage clause from the distribution agreement which existed before the

parties agreed to have disputes resolved by arbitration. (Exhibit 5) The distribution

agreement of September 20, 2004 was subsequently amended. On June 24, 2013 the

parties entered into an agreement (Exhibit 6)  which amended the distribution

agreement (Exhibit 5) to have disputes arising from the distribution agreements

1

resolved by a dispute resolution process which included arbitration as described in Exhibit 6. The parties at the arbitration proceedings in the instant case did not dispute that the applicable arbitration agreement and the remedies available are described in Exhibit 6.  (The complete amendment to the distribution agreement which came about as a result of a class action suit against the Respondent is attached hereto as Exhibit A, which was provided at the arbitration proceedings).

The arbitrator fails to recognize that the damages allowed by the arbitrator in the instant arbitration are spelled out in the Arbitration agreement (Exhibit 6, paragraph 1.6) which was a subsequent amendment to the distribution agreement. The damages clause the  arbitrator cites on page 2 in its arbitration award , paragraph 11.12 of the parties distribution agreement is the damages clause from the distribution agreement when there was no arbitration agreement and prior to the subsequent amendment of the distribution agreement requiring binding arbitration of disputes arising from the distribution agreement. (Exhibit 6)  The arbitration provision for remedies allows lost profits. The "Remedies" paragraph in the arbitration agreement between the parties (Exhibit 6)  specifically states as follows;

"Section 1.6 Remedies: Subject to the parties' right to appeal or seek vacatur under applicable law, the parties acknowledge and agree that the decision of the arbitrator will be final and binding on the parties and that the arbitrator is authorized to award any party **the full remedies that would be available to such party if the Covered Claim had been filed in a court of competent jurisdiction.** " (Emphasis added)

As a result "lost profits" are allowed to be awarded as a remedy in the instant arbitration as provided by paragraph 1.6 of the parties arbitration agreement (Exhibit 6). The Claimant is not prohibited from seeking loss of profits in the instant case as mistakenly indicated by the arbitrator. The agreement between the parties allows "full remedies" as if the claim had "been filed in a court of competent jurisdiction". (Exhibit 6. Paragraph 1.6) The arbitrators statement on page 2 of its award "Lost profits are excluded as an award per the agreement between among the parties. Sec. 11.12 Damages " refers to the clause in the distribution agreement before it was amended by the arbitration agreement which is contained in Exhibit 6.  Based on the foregoing the arbitratior is requested to reconsider its award and should award the Claimant lost profits as is allowed by paragraph 1.6 "Remedies" of the parties arbitration agreement contained in Exhibit 6. .

For the foregoing reasons the instant motion for reconsideration should be granted.

THE CLAIMANT

BY_____
JOHN T. BOCHANIS
DALY, WEIHING & BOCHANIS
1776 North Avenue
Bridgeport, CT 06604
203-333-8500
Juris No. 101227

## **CERTIFICATION**

I hereby certify that copies of the above were sent, postage prepaid, on this

28th day of February, 2017 to:

Attorney Michael J. Puma
Morgan, Lewis
1701 Market Street
Philadelphia, PA 19103

Attorney Richard Robinson
Attorney Brad Mondschein
Pullman & Comley
90 State House Square
Hartford, CT. 06103

John R. Downey, Arbitrator
Rome McGuigan, PC
One State Street, 13th Floor
Hartford, CT  06103

Karen Jalkut, Vice President
American Arbitration Association
One Center Plaza, Suite 300
Boston, MA  02108

John T. Bochanis
Commissioner of the Superior Court